IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TATE ACCESS FLOORS, INC., ) | |
| ) | |
| and ) | |
| ) | |
| TATE ACCESS FLOORS LEASING, INC. ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO. JFM 00 CV 2543 |
| ) | |
| v. ) | |
| ) | |
| INTERFACE ARCHITECTURAL ) | |
| RESOURCES, INC. ) | |
| ) | |
| Defendant. ) | |

## PRELIMINARY INJUNCTION ORDER

This action having come before this Court on plaintiffs' motion for a preliminary injunction, and the Court having considered the briefs, heard argument and evidence and rendered an opinion on February 23, 2001 holding that a preliminary injunction should issue;

IT IS on this 9th day of March, 2001, ORDERED THAT:

Defendant, its attorneys, officers, agents, servants, employees and all those in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, be and the same hereby are preliminarily ENJOINED from infringing, inducing the infringement of, and contributorily infringing any one or more of claims 1-4 and 8-10 of U.S. Patent No. 4,625,491; such infringement subject to this Injunction includes, but is not limited to:

(1) making, using, selling, offering for sale, importing, distributing, promoting, contracting, displaying, and/or advertising for sale anywhere in the United States or its territories any access floor panels (including any components thereof) which

    (a) include the elements, literally or under the doctrine of equivalents, of claims 1-4 and 8-10 of U.S. Patent No. 4,625,491;

    (b) were marketed under the name "Bevel Edge" before December 31, 2000; and/or

    (c) include (i) a rectangular base structure adapted to be supported at its corners and providing a load surface which supports loads, (ii) a floor covering mounted on said load surface which has a decorative surface opposite the load surface, (iii) the floor covering having an inner body portion having an appearance contrasting with the appearance of the decorative surface layer and (iv) the floor covering providing a border along the edges of the panel along which the decorative surface layer is removed to expose the inner body portion and thereby provide an integral contrasting border around the decorative surface layer;

(2) inducing infringement of claims 1-4 and 8-10 of U.S. Patent No. 4,625,491 (35 U.S.C. § 271(b));

(3) contributing to the infringement of claims 1-4 and 8-10 of U.S. Patent No. 4,625,491 by others by selling, offering to sell or importing a component constituting a material part of an access floor panel, knowing such component to be especially made or especially adapted for use in an infringement of any of claims 1-4 and 8-10 of U.S. Patent No. 4,625,491, and not a staple article or commodity of commerce suitable for substantial non-infringing use (35 U.S.C. § 271(c)); and

(4)    supplying or causing to be supplied in or from the United States any component of an access floor panel defined by any one of claims 1-4 and 8-10 of U.S. Patent No. 4,625,491 that is especially made or especially adapted for use in such an access floor panel and is not a staple article or commodity of commerce suitable for substantial non-infringing use, where such component is uncombined in whole or in part, knowing that such component is so made and so adapted and intending such component will be combined outside of the United States in a manner that would infringe U.S. Patent No. 4,625,491 if such combination occurred within the United States (35 U.S.C. § 271(f)(2));

Notwithstanding the foregoing:

(A) defendant may manufacture and sell Bevel Edge panels to customers, who, before March 1, 2001, purchased the Bevel Edge panels and require replacement panels due to after-installation damage or defects in the original panels, provided that the quantity shall not exceed five percent (5%) of each customer's order (per facility) and defendant notifies plaintiffs' counsel, within fourteen (14) days of defendant's shipment of the replacement panels, of (i) the customer/dealer, (ii) the number of panels and (iii) the reason for the replacement;

(B) defendant can continue to distribute its catalog, which was Exhibit 8 to the preliminary injunction motion, for fourteen (14) days after entry of this Order; defendant can also continue to distribute Exhibit 8 after this fourteen (14) day period ends, provided that the references in Exhibit 8 to the Bevel Edge panels are covered by replacement material or defendant inserts text indicating that Bevel Edge panels are no longer available, and defendant (i) supplies this replacement material and/or text to plaintiffs within fourteen (14) days of the entry of this Order and (ii) advises plaintiffs within fourteen (14) days of the entry of this Order of the

procedures defendant has adopted to insure that none of the catalogs are distributed without the replacement material or inserted text; and

(C) defendant will notify plaintiffs and/or petition the Court if a customer who purchased Bevel Edge panels before March 1, 2001 makes a warranty claim requiring replacement of Bevel Edge panels in excess of the 5% amount set forth in paragraph (A) above or if such customer desires to complete an installation of Bevel Edge panels; and defendant will not be permitted to provide such additional Bevel Edge panels to the customer except as agreed to in writing by plaintiffs or upon Order of the Court;

This Preliminary Injunction Order does not enjoin defendant from making, using, selling, offering to sell or importing monolithic access floor panels having a high pressure laminated floor covering wherein the top decorative surface is not removed to expose the inner body portion around the periphery of the laminated floor covering;

IT IS FURTHER ORDERED that defendant is required to file with the Court, and serve on plaintiffs, within thirty (30) days after service on defendant of this Order, a report in writing under oath setting forth the manner and form in which defendant has complied with this injunction, including its instructions to its employees and sales agents regarding this Order.

THIS ORDER is subject to plaintiffs' posting security in the amount of $100,000 within seven (7) days following execution of this Order.

Date: *March 9, 2001*

The Honorable J. Frederick Motz
United States District Court Judge