IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TATE ACCESS FLOORS, INC., | ) |
| and | ) |
| TATE ACCESS FLOORS LEASING, INC. | ) |
| Plaintiffs, | ) CIVIL ACTION NO. JFM 00 CV 2543 |
| v. | ) |
| INTERFACE ARCHITECTURAL RESOURCES, INC. | ) |
| Defendant. | ) |

## PERMANENT INJUNCTION ORDER

This Court having entered an Order dated February 20, 2002 which enters judgment in favor of Plaintiffs as to infringement of claims 1-11 of United States Patent No. 4,625,491 and all of Defendant's liability defenses;

IT IS on this __ day of March, 2002, ORDERED THAT:

Defendant, its attorneys, officers, agents, servants, employees and all those in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, be and the same hereby are permanently ENJOINED during the term of United States Patent No. 4,625,491 from infringing, inducing the infringement of, and contributorily infringing any one or more of claims 1-11 of U.S. Patent No. 4,625,491; such infringement subject to this Injunction includes, but is not limited to:

(1) making, using, selling, offering for sale, importing, distributing, promoting, contracting, displaying, and/or advertising for sale anywhere in the United States or its territories any access floor panels (including any components thereof) which

(a) include the elements, literally or under the doctrine of equivalents, of claims 1-11 of U.S. Patent No. 4,625,491;

(b) were marketed under the name "Bevel Edge" before December 31, 2000; and/or

(c) include (i) a rectangular base structure adapted to be supported at its corners and providing a load surface which supports loads, (ii) a floor covering mounted on said load surface which has a decorative surface opposite the load surface, (iii) the floor covering having an inner body portion having an appearance contrasting with the appearance of the decorative surface layer and (iv) the floor covering providing a border along the edges of the panel along which the decorative surface layer is removed to expose the inner body portion and thereby provide an integral contrasting border around the decorative surface layer;

(2) inducing infringement of claims 1-11 of U.S. Patent No. 4,625,491 (35 U.S.C. § 271(b));

(3) contributing to the infringement of claims 1-11 of U.S. Patent No. 4,625,491 by others by selling, offering to sell or importing a component constituting a material part of an access floor panel, knowing such component to be especially made or especially adapted for use in an infringement of any of claims 1-11 of U.S. Patent No. 4,625,491, and not a staple article or commodity of commerce suitable for substantial non-infringing use (35 U.S.C. § 271(c)); and

(4) supplying or causing to be supplied in or from the United States any component of an access floor panel defined by any one of claims 1-11 of U.S. Patent No. 4,625,491 that is

especially made or especially adapted for use in such an access floor panel and is not a staple article or commodity of commerce suitable for substantial non-infringing use, where such component is uncombined in whole or in part, knowing that such component is so made and so adapted and intending such component will be combined outside of the United States in a manner that would infringe U.S. Patent No. 4,625,491 if such combination occurred within the United States (35 U.S.C. § 271(f)(2));

IT IS FURTHER ORDERED that the Court shall retain jurisdiction over this matter for purposes of enforcement of this Order.

Date: _March 6, 2002_

_/s/ J.F.M._
The Honorable J. Frederick Motz
United States District Court Judge